### GRANNIS v. TEMPLE.

(Supreme Court, Appellate Term, First Department.  June 21, 1916.)

USURY ☞117—BROKERS—COMMISSIONS—LEGAL COMMISSION IN EXCESS OF STATUTORY AMOUNT—EVIDENCE—SUFFICIENCY.

Evidence *held* sufficient to sustain a verdict finding that $2,000 paid defendant in procuring a loan of $6,000 for plaintiff was an illegal commission, in excess of one-half of 1 per cent. allowed by General Business Law (Consol. Laws, c. 20) § 380, and not an agreed compensation to defendant for guaranteeing payment of the loan.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 328–340; Dec. Dig. ☞117.]

2. JUDGMENT ☞951(2)—JUDGMENT ROLL AS EVIDENCE.

In action to recover alleged illegal commission exacted by loan broker, who asserted that loan was made solely on his guaranty for which plaintiff paid the commission in question, *held* that, in rebuttal, the judgment roll in action to foreclose mechanic's lien, whereby lender, as plaintiff's assignee, recovered judgment, was admissible to show that loan was not made solely on broker's guaranty.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808, 1810; Dec. Dig. ☞951(2).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Special Term.

Action by Edward J. Grannis against Charles R. Temple. From an order granting defendant's motion for a new trial, plaintiff appealed. Reversed.

See, also, 84 Misc. Rep. 415, 146 N. Y. Supp. 239.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Jeremiah J. Coughlan, of New York City, for appellant.

Hurd & Grim, of Brooklyn (George B. Hayes and Julius Davison, both of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from an order granting defendant's motion for a new trial upon the ground that the verdict is contrary to law and contrary to the evidence. The complaint alleges that plaintiff paid defendant $2,000 for procuring for plaintiff a loan of $6,000; that said charge for commission, in excess of the sum of $30, is in violation of section 380 of the General Business Law; and plaintiff sues to recover the difference between the legal charge of $30 and the amount so paid. Defendant admits he procured a loan of $6,000 for plaintiff, and that he charged and plaintiff paid him $2,000, but alleges that said payment was for a guaranty by the defendant to the bank which made the loan that plaintiff would repay the amount of the loan.

This is the second appeal. On the first trial the court directed a verdict for plaintiff. On appeal to this Appellate Term the judgment was reversed, the court holding, the opinion being written by Seabury, J., that a question of fact was presented for the jury, and that:

"If the jury found as a fact that the claim of the defendant that the $2,000 paid by the plaintiff was paid to the defendant to become a guarantor upon the note was not true, but that it was a mere cover for brokerage or usury, the verdict of the jury should have been for the plaintiff. If, however, the jury found the facts to be as testified to by the defendant and the witnesses whom he called, and was satisfied that the $2,000 was paid by the plaintiff to the defendant to induce the defendant to become a guarantor of the note, the verdict of the jury should have been for the defendant."

[1] Defendant's witnesses testified on this trial that the bank made the loan on the credit of the defendant, that the bank accepted the defendant as "the sole basis of this credit," and that plaintiff made no application to the bank for a loan on his own credit. The uncontradicted evidence establishes, as matter of fact, that defendant did actually guarantee the loan made to the plaintiff and became obligated for the payment thereof to the bank. But this fact alone is not conclusive. The question at issue is, not what contract was entered into between the defendant and the bank which made the loan; but what contract was entered into between plaintiff and defendant in connection with the making of the loan. Plaintiff denies that he was ever informed by defendant that defendant had guaranteed the loan, but, on the contrary, testified that throughout the entire transaction he was informed by the defendant that defendant's charge of $2,000 was for obtaining the loan for plaintiff. Defendant, on the other hand, testified that plaintiff had knowledge of the making of the contract of guaranty by defendant with the bank before the loan was consummated. This conflicting evidence created an issue of fact for the jury

as to the nature of the contract entered into between plaintiff and defendant, in connection with which the $2,000 was paid by plaintiff to defendant—whether said contract was, as claimed by plaintiff, a contract employing defendant as a broker to obtain the loan, and agreeing to pay him the sum of $2,000 for the obtaining of the loan, or whether it was a contract that, in addition to obtaining the loan, defendant should guarantee the repayment of the loan to the bank, and that, if such obligation was incurred by defendant, he should be paid the sum of $2,000. The jury decided this issue in favor of the plaintiff. Applying the law of the case, as established by the previous decision of this appellate court and such finding by the jury, plaintiff was entitled to a verdict.

The verdict is not, in our opinion, against the weight of evidence. The evidence of defendant's witnesses that the loan was made solely on the credit of the defendant is negatived, or at least put seriously in issue, by the proof that the bank took an assignment of plaintiff's interest in a certain contract as security for the loan.

[2] The judgment roll, introduced in evidence in an action to foreclose a mechanic's lien, in which the bank which made the loan to plaintiff recovered judgment as assignee of plaintiff's interest in said contract, while not competent proof of payment, was competent and relevant proof in contradiction of defendant's evidence that the loan by the bank was made solely on defendant's credit.

The evidence is sufficient to support the finding of the jury that the contract between plaintiff and defendant was merely a contract by which defendant was employed as a broker, and the charge by him of any commission in excess of the amount allowed by law (one-half of 1 per cent. of the amount of the loan so obtained by the broker) was unlawful, and, under the law of the case as laid down by this court, the judgment for plaintiff should have been sustained.

The order must therefore be reversed, with costs, and verdict in favor of plaintiff reinstated, with costs. All concur.